No. 22,044.

R. C. KENNEY, *Appellee*, v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Loss of Wheat—Terms of Policy Construed.* A provision in a fire insurance policy covering wheat in the stack, requiring the assured, if fire occur, to protect the property from further damage, applies to property involved in the fire, and not to unaffected stacks remote from those consumed.

2. SAME—*No Prejudicial Error in Record.* Various assignments of error considered, and held to be without substantial merit.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed April 12, 1919. Affirmed.

*C. A. Matson, I. H. Stearns*, both of Wichita, and *Samuel Griffin*, of Medicine Lodge, for the appellant.

*A. L. Noble*, of Winfield, *J. N. Tincher, A. S. Houch, Seward I. Field*, and *F. L. Orr*, all of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to realize on a fire insurance policy covering wheat in the stack. The verdict and judgment were for the plaintiff, and the defendant appeals.

The insured wheat was stacked in stack yards in the field from which it was cut. Some of the stack yards were not burned. Those which were burned, comprising seventeen stacks, extended in an irregular row from east to west in the

south part of the field, and were a total loss. The others, comprising nine stacks and several small piles, were in the north part of the field. The shortest distance between the two sets of stack yards was about twenty rods. There was delay in threshing the unburned wheat, and it suffered damage from wet weather. Some of the small piles were eaten by chickens. The policy contained the following provision:

"If fire occurs, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, . . ."

It is said the failure to protect the wheat which was not burned avoided the policy. The quoted provision of the policy related to property involved in the fire, and not to unaffected stacks remote from those which were burned. A claim that the policy was procured by misrepresentation was not sustained by the evidence.

The defense to the action was that the plaintiff burned his own wheat. The plaintiff had previously been tried on a criminal charge of the same kind, and had been acquitted. No prejudicial error affecting any substantial right of the defendant respecting that issue is disclosed. It is said, however, that the plaintiff succeeded in getting before the jury the fact that he had been acquitted of the criminal charge. The fact of a former trial was developed in the examination of jurors, the examination of witnesses, and in other inevitable ways. No evidence was introduced tending to show what the former verdict was, and no statement was made by the plaintiff's counsel or any one else as to the nature of the former verdict. The court instructed the jury fully concerning the immateriality and unimportance of the former proceeding, and there is nothing in the record to indicate that the jury disregarded the instruction.

There is nothing else of importance in the case. The findings of the jury were sustained by the evidence, and there is nothing in the abstract to indicate that the jury acted from passion or prejudice. The attorney fee allowed was well within the evidence on the subject. The district court was in position to make a just estimate of the nature and extent of

the services performed. No abuse of authority appears, and the allowance will not be disturbed.

The judgment of the district court is affirmed.